## COOK v. JONES et al.

No. 7226.   Decided May 18, 1949.   (206 P. 2d 630.)

See 52 C. J. S., Landlord and Tenant, sec. 470; 33 Am. Jur. 772. Death of life tenant executing lease as affecting rights as to rent, note, 171 A. L. R. 494.

*Elias Hansen,* Salt Lake City, for appellants.

*A. H. Christenson,* Provo, for respondent.

McDONOUGH, Justice.

Plaintiff recovered a judgment against defendant executrices and defendants appeal.

By the terms of the joint will of Mark Cook and Irene B. Cook, parents of the individual parties, all of the estate was devised and bequeathed to the survivor for life, with a remainder over of the real estate and certain farm machinery to the plaintiff Mark B. Cook, and with a remainder over of the personal estate to the daughters. Mark Cook died and the estate was duly probated, and a decree of distribution was entered August 18, 1945, whereby his widow, Irene B. Cook was granted a life estate in all of the properties, including the income therefrom, and the remainder in fee in the real estate was distributed to Mark B. Cook, and the remainder in the personalty was granted to the three daughters.

On September 26, 1945, said Irene B. Cook entered into a written agreement with her son Mark B. Cook whereby she granted to him the control and care of the real properties under the following conditions:

"Now, therefore, in consideration of the premises and the benefits to be derived by us and each of us it is hereby agreed as follows:

"That Mark B. Cook shall be and he is hereby granted the right to take immediate possession of the said real property, water stock and farm machinery hereinafter described and the said Mark B. Cook shall operate said farm in a farmer-like manner and pay all the taxes levied against said property together with the assessments levied against said water stock from and after the date of this contract including the year 1945, and until the said Irene B. Cook shall decide to terminate this contract, provided that the contract may not be terminated for one year and if and when the said Mark B. Cook shall advance to Irene B. Cook the sum of $5000.00 with which Irene B. Cook may purchase a home, which home when purchased shall grant [sic] to Irene B. Cook a life estate and to Mark B. Cook the reversionary interest therein.

"It is further agreed by the parties hereto that in order to raise the sum of $5000.00 a part of the farm may be sold when a satis-

factory price can be secured and that when such property is sold $5000.00 of the purchase price shall be used to buy a home for Irene B. Cook or if the said Mark B. Cook shall advance the sum of $5000.00 with which to buy the home as hereinbefore mentioned then in such case the farm need not be sold.

"It is further agreed that the said $5000.00 shall be made available by Mark B. Cook for the purchase of said home for Irene B. Cook within one year after the date of this agreement."

It is undisputed that on April 17, 1946, a portion of the farm land was sold for $1,262 and that Irene B. Cook as owner of the life-estate joined in such sale, and that a few days thereafter plaintiff deposited in her bank account the sum of $1,000. Irene B. Cook died ten days prior to expiration of one year from date of execution of the contract, and the home mentioned in the contract had not been purchased. During the probate of her estate plaintiff filed a claim for the $1,000 deposited in her account. Upon rejection of the claim, suit was filed against the executrices on the theory that the sum of $1,000 was deposited to apply on the purchase of a home pursuant to said written agreement to which property plaintiff would have had the fee simple estate subject to a life-estate in his mother, and that since said money was not used for such purchase it should be refunded. Defendants counterclaimed for the rental value of the real estate during the time plaintiff occupied it prior to the death of the mother, and also counterclaimed for alleged conversion of an automobile. The trial court dismissed the counterclaims and granted judgment to plaintiff in the sum of $1,000.

In attacking the judgment, appellants assert that plaintiff would be liable for the reasonable value of the use of the property in any event since there is nothing mentioned in the written agreement about rent; and that the court should not have dismissed the counterclaim for rental value of the property. We believe that the agreement itself negatives any intention that plaintiff should pay rent; and that the promise to purchase another

home in which Irene B. Cook would have the life-estate, constituted sufficient consideration to support the agreement. The fact that there was a waiting period of one year during which time the plaintiff had to raise the $5,000 in case his mother wanted a home purchased in which she would live, does not require a finding that it was intended by the parties to the contract that plaintiff should pay rent on the farm land. After one year (had she lived) she would have been entitled to cancel the agreement.

Defendant executrices complain of dismissal of their counterclaim for conversion by plaintiff of an automobile owned by them of the value of $1,000. Since said automobile had been distributed to the named executrices in their individual capacities subject to a life-estate in their mother, upon her death they became the sole owners thereof in common in their individual capacities and said property constituted no part of the estate of Irene B. Cook, deceased. The executrices of her estate had no cause of action to assert on behalf of the estate. The counterclaim for conversion was therefore not pleadable in an action solely against the defendants in their fiduciary capacities. Whatever rights of action had vested by virtue of any conversion of such personal property owned by the defendants in their individual capacities would have to be asserted by them in such capacities.

The appellants also assail the judgment in the sum of $1,000 on the ground that there is no competent evidence to show that such sum was ever deposited pursuant to the written agreement. Appellants objected to testimony of plaintiff as to the purpose of the deposit, claiming that such testimony was incompetent under sec. 104-49-2(3), U. C. A. 1943, as a "transaction" which was "equally within the knowledge" of plaintiff as witness and said decedent. However, assuming such evidence to be inadmissible, nevertheless had the court rejected such testimony, the judgment would have to stand, for the reason that the circumstances

indicate that said $1,000 could reasonably be inferred to have been deposited pursuant to said written agreement.

The fact that it is conceivable that plaintiff may have deposited the money in recognition of some moral obligation would not preclude the court from inferring the contrary. There is no evidence of any subsisting legal obligation on the part of plaintiff to pay over any money except pursuant to the written agreement. Undoubtedly the mother had sufficient income from her life-estate in personal property for her support. Furthermore, the fact that a sale of a portion of the farm was contemplated by the very terms of the agreement, and the fact that there was deposited a few days after the sale the sum of $1,000 which was far in excess of any possible computed value of her life-estate in such particular tract of land, warranted the court in drawing the conclusion that the deposit was made in part performance of the contract.

The real estate which would be purchased by the funds to be advanced by plaintiff would not be owned in fee simple by the mother. She would have had only a life-estate, with a remainder over in fee to plaintiff. If a down payment of $1,000 had been made on a parcel of real estate, the plaintiff would have owned the equitable estate subject to the life-estate in his mother, and if no further payment had been required prior to her death, such equity would have been the sole property of plaintiff upon her death.

The judgment is therefore affirmed. Costs to respondent.

PRATT, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.